**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**HEATHER HOWARD** **PLAINTIFF**

**V.** **CASE NO. 3:25-CV-00253 JM-JTK**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

## RECOMMENDED DISPOSITION

### I. Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II. Introduction:

Plaintiff, Heather Howard ("Howard"), filed an application for disability benefits on June 29, 2023. (Tr. at 13). In the application, she alleged that her disability began on July 1, 1995. *Id*. She later amended her alleged onset date to June

29, 2023. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Howard was not disabled. (Tr. at 13-26). The Appeals Council denied Howard's request for review of the decision. (Tr. at 1-5). The ALJ's decision now stands as the final decision of the Commissioner, and Howard has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III. **The Commissioner's Decision**:

The ALJ determined that Howard has not engaged in substantial gainful activity since June 29, 2023, the amended alleged onset date.[1] (Tr. at 15). The ALJ found, at Step Two, that Howard has the following severe impairments: remote loss of vision in the right eye, diabetes, obesity, anxiety disorder, depressive disorder, and posttraumatic stress disorder (PTSD). *Id.*

The ALJ determined that Howard did not have an impairment or combination of impairments that met or medically equaled a Listed Impairment.[2] (Tr. at 186-19).

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

Next, the ALJ found that Howard had the residual functional capacity ("RFC") to perform work at the light exertional level, with the following limitations: (1) can occasionally climb ramps and stairs; (2) can occasionally balance, stoop, kneel, crouch, and crawl; (3) can occasionally be exposed to extreme heat, humidity, and pulmonary irritants; (4) can never climb ladders, ropes, or scaffolds; (5) can never be exposed to unprotected heights; (6) has a limitation of vision on the right, but can avoid ordinary workplace hazards, including oncoming coworkers, open doors, and boxes on the floor. (Tr. at 19). As for mental limitations, she: (1) can understand and remember simple instructions; (2) can sustain attention and concentration to complete simple tasks; (3) can interact as needed with supervisors and occasionally interact with coworkers but not interact with the public; and (4) can adapt to occasional workplace changes. *Id*.

The ALJ found that Howard has no past relevant work. (Tr. at 25). At Step Five, relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Howard's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Howard could perform. (Tr. at 25-26). Therefore, the ALJ concluded that Howard was not disabled. *Id*.

## IV. **<u>Discussion</u>:**

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole, which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Howard's Arguments on Appeal

Howard contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) the ALJ did not fully develop the record; (2) the ALJ did not properly assess medical opinions; (3) the ALJ did not substantiate the VE; and (4) the RFC and hypotheticals posed to the VE did not incorporate all of her alleged limitations; and (5) the VE's occupational evidence was unsupported.

1. **Record Development**[3]

[3] An ALJ does have a basic duty to develop a reasonably complete record. *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011); *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54

The ALJ's opinion was incredibly thorough, detailing evidence of Howard's relatively normal clinical examinations, well-controlled symptoms, positive response to treatment, and Howard's ability to perform a variety of daily activities.[4] (Tr. at 15-26).

Despite Howard's allegations that the ALJ should have further developed the record, the medical and opinion evidence presented the ALJ with sufficient basis for his decision.[5] Howard responded well to conservative treatment and could perform daily activities; these factors supported the state-agency expert opinions that she could perform light work with additional mental RFC restrictions. (Tr. at 15-26, 51-

---

F.3d 484, 486 (8th Cir. 1995).

[4] I have reviewed the entire record and the briefs, and I adopt the ALJ's recitation of Howard's medical history.

Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Ability to perform a variety of daily activities undermine claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[5] "The ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994).

Howard argues that the ALJ should have included records she allegedly submitted in October and November 2024. She did not raise this issue in a post-hearing brief or before the Appeals Council, which belies her contention now that it was prejudicial. She also did not show that the decision would have been different if that evidence was in the record. Her argument is without merit.

71, 236-239). Although Howard had a vision impairment that the ALJ found to be severe, most of the records from vision providers indicated she was doing well and needed only routine checkups and conservative treatment.[6] (Tr. at 20-21, 1204-1208). And a "severe" impairment is not automatically disabling. There must be proof of functional loss.[7]

Moreover, as to Howard's mental impairments, she stated at various appointments that she was doing well and providers often found her mental impairments to be stable; she did not have a need for aggressive or inpatient treatment. (Tr. at 16-21). Moreover, her daily activities undermined Howard's claim that mental impairments were disabling.

It was Howard's burden to show her impairments prevented her from working and to prove that the ALJ failed to develop the record.[8] She has not done that.

### 2. Medical Opinions[9]

---

[6] The need for only conservative treatment contradicts allegations of disabling conditions. *Thomas v. Barnhart*, 130 Fed. Appx. 62, 63 (8th Cir. 2005); *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

[7] A diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).

[8] The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006).

The ALJ must "evaluate the persuasiveness of medical opinions by considering

Howard asserts that the ALJ erred in his evaluation of medical opinions, averring that he should have found treating providers' opinions more persuasive. The state-agency experts reviewed the records and found that Howard was limited to light work with restrictions accounting for her vision impairment. (Tr. at 22-23, 51-70). The ALJ found these opinions to be generally persuasive and gave good reasons for this finding. (Tr. at 22-23). He assigned a physical RFC in keeping with these opinions.

According to the state-agency psychiatric experts, Howard had mild-to-moderate limitations that impacted her work functions. (Tr. at 51-70). The ALJ found these opinions to be generally supported by the record and consistent with other evidence. (Tr. at 22-23). However, owing to Howard's allegations that she tended to be distracted and lacked motivation, the ALJ assigned a more restrictive mental RFC. *Id.*

A consultative examiner opined that Howard had a "severe limitations in her ability to see." (Tr. at 23, 1203). The ALJ points out that this is vague and does not

(1) whether they are supported by objective medical evidence, (2) whether they are consistent with other medical sources, (3) the relationship that the source has with the claimant, (4) the source's specialization, and (5) any other relevant factors." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)). However, "[t]he first two factors—supportability and consistency—are the most important." *Id.* (citing 20 C.F.R. § 404.1520c(a)). Pursuant to the regulations, "treating physicians are [no longer] entitled to special deference." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022) (citing 20 C.F.R. § 404.1520c(a)).

give specific functional restrictions, which is correct. *Id*. The ALJ wrote that Howard was able to drive, read print, and had no difficulty navigating her home, undermining her claims that she could not operate in a work setting. Still, the ALJ appraised the evidence in the light most favorable to Howard, and he decided that Howard could never be exposed to unprotected heights in a work setting. (Tr. at 19). This restriction accounted for her credible vision limitations.

Multiple treating providers issued restrictive RFC opinions: the said that Howard could perform less than sedentary work and was functionally disabled mentally. The ALJ found these opinions to be unpersuasive. (Tr. at 21-23, 319-321, 493). The opinions were not persuasive, the ALJ explained, because they were inconsistent internally, based largely on Howard's subjective complaints, and one opinion did not have any citation to record evidence. *Id*. Mostly normal examinations, improvement with conservative treatment, and the ability to perform daily activities: these factors all support the ALJ's findings that Howard was not as limited as the treating providers indicated. The ALJ properly evaluated the medical opinion evidence.

3. **VE testimony[10]**

[10] The ALJ meets his burden at step five by eliciting testimony by a VE in response to "a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). "A hypothetical question is

Howard's final three arguments focus on the VE's testimony at Step Five. She stated that the ALJ did not properly qualify the VE, that the hypotheticals posed to the VE did not incorporate all of Howard's limitations, and that the VE did not give sufficient explanation for how she arrived at the qualifying jobs that Howard could perform.

I find Defendant's rebuttal to these arguments thoroughly convincing. (Doc. No. 15 at 16-18). Howard did not object at the hearing to the VE's qualifications or testimony, and her attorney presented no further argument as to why the VE was not qualified to give occupational evidence.[11]

Additionally, the ALJ was not required to include limitations in the hypothetical posed to the VE that were not supported by the record. The ALJ's hypothetical incorporated all of Howard's credible physical and mental limitations, as did the RFC. The ALJ supported his Step Five findings throughout his opinion.

---

properly formulated if it sets forth impairments 'supported by substantial evidence in the record and accepted as true by the ALJ.'" *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (*quoting Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)); *accord Goff*, 421 F.3d at 794; *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999). Any alleged impairments properly rejected by an ALJ as untrue or unsubstantiated need not be included in a hypothetical question. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001). VE testimony constitutes substantial evidence when, as here, it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011).

[11] In support of her argument, Howard cites to *Daubert v. Merrell Dow Pharmaceuticals, Inc*. 509 U.S. 579 (1993). Defendant properly explained that *Daubert* does not apply to the use of VE testimony in social security cases.

Finally, the ALJ resolved any conflict between the DOT and the VE's testimony by asking upon what the VE based his testimony.[12] The VE responded adequately, stating that the testimony was based on her knowing, training, education, and experience, including rehabilitation and job placement for people with disabilities. (Tr. at 26, 49-50). She further explained that her testimony accounted for vision and mental limitations. *Id*. While Howard claims that this explanation was insufficient, this district has found such a response sufficient to resolve a Step Five conflict.[13] Additionally, Howard did not object to the VE's testimony at the hearing, or raise her complaint in a post-hearing brief or at the Appeals Council level of review. Her Step Five arguments are unavailing.

**V. <u>Conclusion</u>:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The finding that Howard was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with

[12] An ALJ has an affirmative duty to ask about any possible conflict between the VE's testimony and the DOT before relying on that testimony to support his findings. Soc. Sec. Ruling ("SSR") 00-4p (2000), *2-4, 2000 SSR LEXIS 8. The VE must provide sufficient explanation for his testimony. *Id.*

[13] *Jones-Brinkley v. SSA*, 2021 U.S. Dist. LEXIS 20302, 6-7, 2021 WL 371689 (E.D. Ark. Feb. 3, 2021); *Porter v. Berryhill*, 2018 U.S. Dist. LEXIS 37141, 42, 2018 WL 1183400 (W.D. Mo. Mar. 7, 2018) (when VE answers that his training, education, and experience in the occupational space supports his testimony, that is sufficient).

prejudice.

IT IS SO ORDERED this 14th day of October, 2026.

UNITED STATES MAGISTRATE JUDGE